**COSTELLO & MAINS, LLC**
By: Kevin M. Costello, Esquire
Attorney I.D. No. 024411991
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KINGSLEY ADJEI-BENTUM, | : |
| Plaintiff, | : |
| | : CIVIL ACTION |
| vs. | : |
| BHAVANI FUEL STOP INC D/B/A EXXON; JMD GAS COMPANY, INC. D/B/A BP; TONY PARASHAR and JOHN DOES 1-5 AND 6-10 | : DOCKET NO: |
| Defendants. | : **COMPLAINT AND JURY DEMAND** |

Plaintiff, Kingsley Adjei-Bentum, residing in Bronx, New York, by way of Complaint against the defendants, says:

**Preliminary Statement**

1. This action is brought by plaintiff to remedy violations of the Fair Labor Standards Act, as amended, 29 U.S.C. Sec. 201, et seq. ("FLSA"), the New Jersey Wage and Hour Law ("NJWHL"), and the Pennsylvania Minimum Wage Act ("PMWA").

**Jurisdiction and Venue**

2. Jurisdiction of the Court is invoked pursuant to 29 U.S.C. Sec. 216(b), 28 U.S.C. Sec. 1331 and 28 U.S.C. Sec. 1332.

1

3. Because defendant Bhavani and Parashar are residence of the District of New Jersey, venue is proper within this district pursuant to 28 U.S.C. Sec. 1391.

**Identification of Parties**

4. Plaintiff Kingsley Adjei-Bentum resides in Bronx, New York, and at all pertinent times herein, was employed by defendants.

5. Defendant Bhavani Fuel Stop Inc d/b/a Exxon ("Bhavani") is a corporation conducting business in the State of New Jersey at 3217 Quakerbridge Avenue, Quakerbridge, New Jersey, and was an employer within the meaning of the Fair Labor Standards Act and New Jersey Wage and Hour Law.

6. Defendant JMD Gas Company, Inc. d/b/a BP ("JMD") is a corporation conducting business in the State of Pennsylvania at 7601 Bristol Pike, Levittown, Pennsylvania and is an employer within the meaning of the Fair Labor Standards Act and the Pennsylvania Minimum Wage Act.

7. Defendant and owner, Tony Parashar ("Parashar") is an individual who acts directly or indirectly in the interest of Bhavani and JMD in relation to their employees, including plaintiff.

8. Bhavani is an employer within the meaning of 29 U.S.C. Sec. 203 and the NJWHL.

9. Upon information and belief Bhavani has gross annual income in excess of $500,000.00 per year.

10. JMD is an employer within the meaning of 29 U.S.C. Sec. 203 and within the meaning of PMWA.

11. Upon information and belief JMD has gross annual revenue in excess of $500,000.00 per year.

12. Bhavani and JMD were dual and/or joint and/or special employers of plaintiff.

13. Bhavani and JMD are an enterprise within the meaning of the FLSA, NJWHL and PMWA.

14. Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the plaintiff in this matter.

## General Allegations

15. Plaintiff was employed by defendants on or around November 3, 2018, through his last day of employment on or around December 24, 2018.

16. Plaintiff was hired to work as a gas attendant at Bhavani earning $8.60 per hour.

17. Plaintiff was hired to work as a clerk at JMD earning $8.60 per hour.

18. During the first bi-weekly pay period, plaintiff worked approximately 100 hours between the two locations.

19. Plaintiff was only paid for 80 hours from Bhavani.

20. The paycheck was categorized as "hourly" for earnings.

21. Plaintiff received no overtime pay for this time period.

22. During the next pay period, on or around November 17, 2018 to November 30, 2018, plaintiff worked approximately 185 hours between both locations.

23. Plaintiff received one paycheck during that time from JMD for $900.00 representing the entire month of November 2018.

24. This paycheck was categorized as "salary" for earnings.

25. Plaintiff did not receive a paycheck from Bhavani for this time period.

26. Plaintiff received no overtime pay for this time period.

27. During the third pay period, on or around December 1, 2018 to December 14, 2018, plaintiff worked approximately 189 hours between the two locations.

28. Plaintiff was only paid for 80 hours from Bhavani.

29. The paycheck was categorized as "hourly" for earnings.

30. Plaintiff received no overtime pay for this time period.

31. During the period of, on or around, December 15, 2018 to December 24, 2018, plaintiff worked approximately 107 hours between the two locations.

32. Plaintiff never received a paycheck or wages for these hours.

33. Plaintiff addressed these issues beginning with the first paycheck with Parashar on several occasions.

34. Parashar would always respond to the effect of "we'll talk about it later."

35. These pay issues were never remedied.

36. Upon information and belief, there were weeks for which defendant failed to pay plaintiff for all hours worked, in violation of the NJWPL.

37. Defendants failed to pay overtime for all hours worked by plaintiff in excess of 40 per week.

38. Plaintiff consistently worked over 40 hours per week at each location.

39. As an hourly paid employee, plaintiff cannot be deemed exempt from the overtime requirements of the FLSA, NJWHL, or PMWA, regardless of his job duties.

40. Defendants' refusal to pay overtime mandates the imposition of liquidated damages.

## COUNT I

## <u>FLSA Violation – Overtime</u>

41.     Plaintiff hereby repeats and realleges paragraphs 1 through 40 as though fully set forth herein.

42.     Plaintiff, during the course of his employment, regularly worked more than 40 hours in a work week.

43.     All defendants failed to pay plaintiff overtime compensation at one and one half times the regular hourly rate for hours worked in excess of 40 in a work week.

44.     All defendants, by the above acts, have violated 29 U.S.C. Sec. 207.

45.     Plaintiff has suffered monetary damages as a result of the defendant's acts.

**WHEREFORE**, plaintiff respectfully requests that this Court enter a judgment;

(a)     declaring that the acts and practices complained of herein are in violation of the FLSA;

(b)     declaring that the acts and practices complained of herein are willful violations within the meaning of 29 U.S.C. Sec. 255(a);

(c)     enjoining and restraining permanently the violations alleged herein, pursuant to 29 U.S.C. Sec. 217;

(d)     directing defendants to make plaintiff whole for all unpaid overtime and minimum wages due as a consequence of defendants' violation of the FLSA, together with interest thereon from the date(s) such wages were due but unpaid;

(e)     directing defendants to pay plaintiff an additional amount of liquidated damages as provided for in 29 U.S.C. Sec. 216(b);

(f) awarding plaintiff the costs of this action together with reasonable attorneys' fees, as provided in 29 U.S.C. Sec. 216(b); and

(g) granting such other and further relief as this Court deems necessary and proper.

## COUNT II

## FLSA Violation – Minimum Wage

46. Plaintiff hereby repeats and realleges paragraphs 1 through 45 as though fully set forth herein.

47. All defendants failed to pay minimum wage for hours worked, including but not limited to, the dates in or around December 15, 2018 to December 24, 2018.

48. All defendants, by the above acts, have violated 29 U.S.C. Sec. 206.

49. Plaintiff has suffered monetary damages as a result of defendant's acts.

**WHEREFORE**, plaintiff respectfully requests that this Court enter a judgment;

(a) declaring that the acts and practices complained of herein are in violation of the FLSA;

(b) declaring that the acts and practices complained of herein are willful violations within the meaning of 29 U.S.C. Sec. 255(a);

(c) enjoining and restraining permanently the violations alleged herein, pursuant to 29 U.S.C. Sec. 217;

(d) directing defendants to make plaintiff whole for all unpaid overtime and minimum wages due as a consequence of defendants' violation of the FLSA, together with interest thereon from the date(s) such wages were due but unpaid;

(e) directing defendants to pay plaintiff an additional amount of liquidated damages as provided for in 29 U.S.C. Sec. 216(b);

(f) awarding plaintiff the costs of this action together with reasonable attorneys' fees, as provided in 29 U.S.C. Sec. 216(b); and

(g) granting such other and further relief as this Court deems necessary and proper.

## Count III

### NJWHL Violation – Overtime

50. Plaintiff hereby repeats and realleges paragraphs 1 through 49 as though fully set forth herein.

51. Plaintiff, during the course of his employment, regularly worked more than 40 hours in a work week.

52. Bhavani and Parashar failed to pay plaintiff overtime compensation at one and one half times the regular hourly rate for hours worked in excess of 40 in a work week.

53. Defendants, by the above acts, have violated the NJWHL, NJSA 34:11-56a4 et seq.

54. Plaintiff has suffered monetary damages as a result of Bhavani and Parashar's acts.

**WHEREFORE**, plaintiff respectfully requests that this Court enter a judgment;

(a) declaring that the acts and practices complained of herein are in violation of the NJWHL;

      (b)    directing defendants to make plaintiff whole for all unpaid wages due as a consequence of defendant's violation of the NJWHL, together with interest thereon from the date(s) such wages were due but unpaid; and

      (c)    granting such other and further relief as this Court deems necessary and proper.

### Count IV

### NJWHL Violation – Minimum Wage

55.    Plaintiff hereby repeats and realleges paragraphs 1 through 54 as though fully set forth herein.

56.    Bhavani and Parashar failed to pay minimum wage for overs worked, including but not limited to the dates in or around December 15, 2018 to December 24, 2018.

57.    Defendants, by the above acts, have violated the NJWHL, NJSA 34:11-56a4 et seq.

58.    Plaintiff has suffered monetary damages as a result of Bhavani and Parashar's acts.

**WHEREFORE**, plaintiff respectfully requests that this Court enter a judgment;

      (a)    declaring that the acts and practices complained of herein are in violation of the NJWHL;

      (b)    directing defendants to make plaintiff whole for all unpaid wages due as a consequence of defendant's violation of the NJWHL, together with interest thereon from the date(s) such wages were due but unpaid; and

      (c)    granting such other and further relief as this Court deems necessary and proper.

## Count V

### NJWPL Violation – Failure to Pay Wages

59. Plaintiff hereby repeats and realleges paragraphs 1 through 58 as though fully set forth herein.

60. Bhavani and Parashar failed to pay plaintiff for all hours worked by him.

61. Bhavani and Parashar, by the above acts, have violated the NJWPL, NJSA 34:11-4.1 et seq.

62. Plaintiff has suffered monetary damages as a result of defendant's acts.

**WHEREFORE**, plaintiff respectfully requests that this Court enter a judgment;

(a) declaring that the acts and practices complained of herein are in violation of the NJWHL;

(b) directing defendants to make plaintiff whole for all unpaid wages due as a consequence of defendant's violation of the NJWHL, together with interest thereon from the date(s) such wages were due but unpaid; and

(c) granting such other and further relief as this Court deems necessary and proper.

## Count VI

### PMWA Violation – Overtime

63. Plaintiff hereby repeats and realleges paragraphs 1 through 62 as though fully set forth herein.

64. Plaintiff, during the course of his employment, regularly worked more than 40 hours in a work week for JMD and Parashar.

65. JMD and Parashar failed to pay plaintiff overtime compensation for hours worked in excess of 40 in a work week.

66. JMD and Parashar, by the above acts, have violated the 034 Pa. Code § 231.41.

67. Plaintiff has suffered monetary damages as a result of defendant's acts.

**WHEREFORE**, plaintiff respectfully requests that this Court enter a judgment;

(a) declaring that the acts and practices complained of herein are in violation of the PMWA;

(b) directing defendants to make plaintiff whole for all unpaid wages due as a consequence of defendant's violation of the PMWA, together with interest thereon from the date(s) such wages were due but unpaid; and

(c) granting such other and further relief as this Court deems necessary and proper.

## Count VII

## **PMWA Violation – Minimum Wage**

68. Plaintiff hereby repeats and realleges paragraphs 1 through 67 as though fully set forth herein.

69. JMD and Parashar failed to pay plaintiff for all hours worked by him.

70. JMD and Parashar failed to pay minimum wage for hours worked, including but not limited to the dates in or around December 15, 2018 to December 24, 2018.

71. JMD and Parashar, by the above acts, have violated the 034 Pa. Code § 231.21.

72. Plaintiff has suffered monetary damages as a result of defendant's acts.

**WHEREFORE**, plaintiff respectfully requests that this Court enter a judgment;

   (a) declaring that the acts and practices complained of herein are in violation of the PMWA;

   (b) directing defendants to make plaintiff whole for all unpaid wages due as a consequence of defendant's violation of the PMWA, together with interest thereon from the date(s) such wages were due but unpaid; and

   (c) granting such other and further relief as this Court deems necessary and proper.

         **COSTELLO & MAINS, LLC**


         **By: /s/ Kevin M. Costello** _____
Dated:          **Kevin M. Costello**

**DEMAND TO PRESERVE EVIDENCE**

1. All defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to plaintiff's employment, to plaintiff's cause of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

2. Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

                                              **COSTELLO & MAINS, LLC**

                                              By:  **/s/ Kevin M. Costello**
                                                       Kevin M. Costello

**JURY DEMAND**

Plaintiff hereby demands a trial by jury.

                                              **COSTELLO & MAINS, LLC**

                                              By:  **/s/ Kevin M. Costello**
                                                       Kevin M. Costello

## **DESIGNATION OF TRIA L COUNSEL**

  Kevin M. Costello, Esquire, of the law firm of Costello & Mains, LLC, is hereby-designated trial counsel.

        **COSTELLO & MAINS, LLC**


        By:  **/s/ Kevin M. Costello**
           **Kevin M. Costello**